(942 P.2d 643)
No. 76,282

ALAN DOUGLAS MOLER, *Appellant*, v. MARK EDWARD MELZER, d/b/a APEX BUILDING INSPECTORS, and MARCHELLE CO., INC., d/b/a APEX BUILDING INSPECTORS TRS, *Appellees*.

Opinion filed July 3, 1997.

*Edgar Wm. Dwire* and *Warren Jones*, of Malone, Dwire and Jones, of Wichita, for appellant.

*Charles E. Millsap* and *Lyndon W. Vix*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for appellees.

Before ROYSE, P.J., ELLIOTT, J., and J. BYRON MEEKS, District Judge, assigned.

ELLIOTT, J.: Alan Douglas Moler sued Apex Building Inspectors, alleging he had purchased a house based on a favorable inspection report prepared by Apex. Moler sought damages for the costs of repairing structural problems Apex had failed to discover. The trial

court granted summary judgment in favor of Apex, ruling that the contract between the parties limiting Apex's liability to the cost of the inspection was valid and enforceable.

Moler appeals and we affirm.

Moler first contends the contract clause limiting Apex's liability is neither valid nor enforceable. The clause read: "In the case that the client should become dissatisfied with the inspection, it's [sic] findings, or future occurrences, the client will hold the inspector or the company represented liable for the cost of the inspection only."

Moler argues the contract clause is enforceable only if it is expressed in clear and unequivocal language. See *Johnson v. Board of Pratt County Comm'rs*, 259 Kan. 305, Syl. ¶ 16, 913 P.2d 119 (1996); *Zenda Grain & Supply Co. v. Farmland Industries, Inc.*, 20 Kan. App. 2d 728, Syl. ¶ 1, 894 P.2d 881 (1995). Kansas law also provides that competent parties are free to make their own contracts where not illegal, against public policy, or induced by fraud. And a party who freely enters a contract is bound by it even though it was unwise or disadvantageous to the party, so long as the contract is not unconscionable. *Corral v. Rollins Protective Services Co.*, 240 Kan. 678, Syl. ¶ 2, 732 P.2d 1260 (1987).

*Corral* held the limitation of liability clause there involved to be valid. 240 Kan. at 683-84. In *Zenda*, we found the clause to be not sufficiently clear and unequivocal. 20 Kan. App. 2d at 735. Thus, the question for our resolution is whether the clause in the Apex contract was clear enough to advise Moler of its purpose and potential effect. In this regard, *Zenda* did not void all similar clauses which do not use the exact language validated in *Corral*.

The language in the present case could not possibly refer to anything other than the possibility Apex might miss something in its inspection. Unlike in *Zenda*, the present clause could not have been intended for any other purpose. Further, Moler does not allege he misunderstood what the clause meant. He noticed the clause and was concerned by it, but never questioned Apex about his concerns. The clause was enforceable as a clear expression of Apex's intent to limit liability.

Moler next argues the clause effects a release of liability and, therefore, must be supported by separate consideration. We disagree.

The clause limiting Apex's liability was not a release in any traditional sense. See 57A Am. Jur. 2d, Negligence § 49, pp. 106-07. Kansas has never imposed a requirement that a contract clause *limiting* liability be supported by separate consideration.

Moler urges that we follow *Schaffer v. Property Evaluations, Inc.*, 854 S.W.2d 493 (Mo. App. 1993). So far as we can determine, *Schaffer* is leading a parade of one; in any event, we decline to adopt its reasoning.

Moler next argues the clause violates K.S.A. 50-639(a)(2) of the Kansas Consumer Protection Act (KCPA). While the contract involved in the present case probably is a consumer transaction as defined in K.S.A. 50-624(c), the problem is that K.S.A. 50-639 applies *only* where the subject of the consumer transaction is property and not services. "Property" and "services" are separately defined. K.S.A. 50-624(g), (h).

The subject of the transaction here involved was not property, but the *inspection* of a building—a service.

The clause limiting Apex's liability does not violate K.S.A. 50-639(a)(2), and Moler does not argue on appeal that Apex engaged in any deceptive act or practice under K.S.A. 50-626 of the KCPA.

Finally, Moler argues the clause is unconscionable, claiming the contract was on a preprinted form and claiming he was not in a position to negotiate for different contract provisions.

Our Supreme Court listed various factors as relevant in determining whether a contract is unconscionable in *Wille v. Southwestern Bell Tel. Co.*, 219 Kan. 755, 758-59, 549 P.2d 903 (1976).

Here, the clause limiting Apex's liability was not hidden; it appears as the last of six short provisions, each of which is accompanied by a box to be checked by the client after he or she has read the provision. And just before the signature line, the client must check a box indicating he or she has read the foregoing provisions: "The client agrees to permit the inspector to perform the inspection of the property according to the terms listed above without change as read and understood."

The record in this case gives no indication of an inequality of bargaining or economic power, nor any indication that Moler could not have sought a different inspection company had he been unsatisfied with the contract provisions. On these facts, the contract clause limiting Apex's liability was not unconscionable.

Affirmed.